IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40347
Summary Calendar
_____

ROBERT CHARLES THOMAS
also known as Ahmed A. Azzeem,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION, ET AL.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-97-CV-70
_____

April 28, 1999

Before POLITZ, GARWOOD, and SMITH, Circuit Judges.

PER CURIAM:[1]

    Ahmed Abdul Azzeem, a/k/a Robert C. Thomas, Texas prisoner
# 190254, appeals the district court's order revoking his in
forma pauperis status.  After Azzeem filed his notice of appeal
in this civil rights case, the district court entered an order on
July 20, 1998, vacating the final judgment.  We treat the July 20
order as a request for remand and authorization to re-open the
case pursuant to Fed. R. Civ. P. 60(b), and grant the request.

    A district court is divested of jurisdiction upon the
docketing in this court of a timely filed notice of appeal.  See

_____

    [1] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alvestad v. Monsanto Co., 671 F.2d 908, 911 n.2 (5th Cir. 1982). Although a district court retains jurisdiction to reconsider its judgment pursuant to Rule 60(b), and may deny such relief while the appeal is pending, the district court may not grant relief from the judgment while the appeal is pending without obtaining leave of the court of appeals. See Willie v. Continental Oil Co., 746 F.2d 1041, 1046 (5th Cir. 1984), vacated by grant of rehearing en banc, 760 F.2d 87 (5th Cir. 1985), on rehearing, 784 F.2d 706 (5th Cir. 1986) (en banc). See also Travelers Ins. Co. v. Liljeberg Enterprises, Inc., 38 F.3d 1404, 1407 n.3 (5th Cir. 1994) (citing panel opinion in Willie).

Azzeem's notice of appeal was timely filed on March 12, 1998, within 30 days of the entry of the district court's February 20, 1998, order revoking Azzeem's in forma pauperis privilege. See Fed. R. App. P. 4(a)(1).[2] Therefore, the district court was divested of jurisdiction to vacate the final judgment. Under these circumstances, we treat the July 20 order as a request for remand and authorization to re-open the case pursuant to Rule 60(b). We remand to the district court to re-open the case and to conduct such further proceedings as are necessary. We do not retain jurisdiction, and any party desiring to appeal when a final judgment is entered must file a notice of appeal at that time.

---

[2] The district court entered a final judgment on March 19, 1998, dismissing the case due to plaintiff's failure to pay the full filing fee within the time specified.

On August 5, 1998, Azzeem was granted permission to appeal IFP and was ordered to execute all consents and other documents required by the agency having custody to authorize the necessary withdrawals from his trust account. Azzeem filed an application to proceed IFP and a certification of the amount of money in his trust account, but these documents are not the required documents to authorize withdrawals. The magistrate judge notified this court that Azzeem had not made the appropriate financial arrangements as of November 12, 1998. This court's and the district court's docket sheets do not indicate that this deficiency has ever been corrected. Azzeem IS ORDERED to submit the required documents authorizing payment of the appellate filing fee for this appeal to the district court within 30 days or risk having his case dismissed in the district court after remand.

REMANDED.